# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND DAVIS, | Case No. 2:20-cv-01630-KJD-EJY |
| Petitioner, | |
| v. | **ORDER** |
| JOE LOMBARDO, *et al.*, | |
| Respondents. | |

*Pro se* Petitioner Raymond Davis initiated this case by submitting a Petition for Writ of Habeas Corpus (ECF No. 1-1) requesting relief under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the petition based on multiple substantial defects.

## BACKGROUND

Davis is a pre-trial detainee currently held at the Clark County Detention Center. The petition challenges his ongoing criminal case in the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Davis*, Case No. C-19-342946-1; *see also Davis v. Eighth Judicial District Court*, Case No. 80534 (Nev. Sup. Ct., May 14, 2020) (denying petition for writ of mandamus alleging speedy trial violation).[2] On September 26, 2016, Davis was charged with multiple sex crimes by way of information. A grand jury indictment was not returned until August 29, 2019, charging him with three counts of sexual assault of a minor under the age of 14, three counts of lewdness with a child under the age of 14, and three counts of open and gross lewdness.

The state court conducted a jury trial in September 2019. Due to multiple outbursts in the presence of the jury, the state court declared a mistrial and referred Davis for a competency

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada Supreme Court. The docket records may be accessed by the public online at: www.clarkcountycourts.us and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  evaluation. He was later found competent and trial has been rescheduled for October 5, 2020.

2  Davis's hand-written petition (ECF No. 1-1) sets out five grounds for relief, alleging that
3  retrial will violate his: (1) Fifth Amendment protection from double jeopardy, (2) Fifth
4  Amendment due process right, (3) Fifth Amendment speedy trial right, (4) Sixth Amendment right
5  to "waive" counsel, and (5) Fourth Amendment protection against illegal search.

## DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Court finds that Davis's petition is subject to multiple substantial defects requiring dismissal without prejudice.

First, Davis has not properly commenced this habeas action by either paying the standard $5.00 filing fee for habeas petitions or file an application for leave to proceed *in forma pauperis* ("IFP"). He submitted a petition pursuant to 28 U.S.C. § 2254 but did not pay the $5.00 filing fee or submit an IFP application.[3] Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. However, the Court will not require Davis to resolve the filing fee because it is clear that dismissal of his petition is appropriate.

Second, Davis has not filed his petition on the appropriate form or in substantial compliance with the form. A *pro se* petitioner is required to file his petition for writ of habeas corpus on the Court's approved form. *See* LSR 3-1; Habeas Rule 2(d). The form is important as

---

[3] The court may authorize a prisoner to begin a habeas action without prepaying fees and costs if he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

it provides the Court with necessary information to conduct a preliminary review. Davis did not submit the Court's form petition but, instead, hand-wrote a petition on lined paper. His hand-written petition fails to disclose required information.

Third, Davis is currently ineligible for habeas review under § 2254 because his state criminal case is pending and no judgment of conviction has been entered. *See* 28 U.S.C. § 2254(b)(1) (authorizing habeas review for state prisoners "in custody *pursuant to the judgment of a State court* …" (emphasis added)); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (noting that § 2254 is inapplicable where a petitioner is not challenging a state court judgment).[4]

Fourth, although the petition does not specify the relief he seeks, it appears that part of what Davis may want is for this Court to exercise appellate jurisdiction over the Nevada courts. For example, the petition repeatedly refers to Justice Stiglich's dissent from the Nevada Supreme Court's denial of his petition for writ of mandamus. (ECF No. 1-1 at 2 (citing *Davis*, Case No. 80534 (Nev. Sup. Ct., May 14, 2020) (Stiglich, J., dissenting) (concluding that Davis's Sixth Amendment right to speedy trial was violated)).[5] However, federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Generally, the *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009). By authorizing federal habeas review, Congress expressly allowed district courts to "oversee certain state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 n.8 (2005). But habeas review is limited to judgments, and no judgment

---

[4] In narrow circumstances, which are not present here, a state pretrial detainee may properly allege a constitutional violation in the habeas context under 28 U.S.C. § 2241 where the issues raised "are distinct from the underlying criminal prosecution and would not interfere with it." *See, e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (allowing petitioner's bail challenge to proceed, because "[r]egardless of how the bail issue [was] resolved, the prosecution would move forward unimpeded"). The Court cannot construe Davis's allegations under § 2241 because his allegations are not distinct from his criminal case and explicitly seek to interfere with the state prosecution.

[5] The Nevada Supreme Court denied Davis's petition for en banc reconsideration. *Davis*, Case No. 80534 (Nev. Sup. Ct., July 8, 2020).

of conviction has been entered here.  The jurisdictional limitation recognized by the *Rooker-Feldman* doctrine precludes the relief Davis appears to seek from this Court—an order from a federal district court directing either the Nevada Supreme Court or state court how to proceed in its case.

Fifth, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding.  The *Younger* abstention doctrine prevents federal courts from enjoining pending state criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.  *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."  *Sprint Commc'ns*, *Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004).  Thus, as a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims are otherwise fully exhausted in the state courts.  *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).  Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case.  *Younger*, 401 U.S. at 46.

No extraordinary circumstances are presented here.  Davis is challenging the constitutionality of the retrial scheduled for early October 2020.  To the extent that he faces possible violation of his constitutional rights, including speedy trial rights, his situation is not different in substance from any criminal defendant facing potential violation of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution.  Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance.  In addition, Davis's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights.  For these reasons, abstention is required.

Given the multiple substantial defects presented, the petition will be dismissed without prejudice.  Dismissal without prejudice will not materially impact the analysis of any issue in a

later filed habeas proceeding or otherwise result in substantial prejudice.[6]

**IT IS THEREFORE ORDERED:**

1. Petitioner Raymond Davis's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED without prejudice.

2. A certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

3. The Clerk of Court shall CLOSE this case and ENTER final judgment accordingly, dismissing this action without prejudice.

DATED: September 10, 2020

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

---

[6] Davis at all times remains responsible for calculating the applicable federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims should the state court enter a judgment of conviction at a later date. The Court makes no finding or representation in this order that any later-filed petition will be considered timely or otherwise free of procedural defects.